VEGA, RECURRENTE, v. EL REGISTRADOR DE SAN GERMÁN,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán inscribiendo con defecto subsanable una sentencia de dominio.

No. 276.—Resuelto en mayo 2, 1916.

EXPEDIENTE DE DOMINIO—INSCRIPCIÓN DE SENTENCIA DE DOMINIO—NOMBRE DE LA ESPOSA DEL PROMOVENTE—DEFECTO SUBSANABLE—BIENES PRIVATIVOS—PRESUNCIÓN DE BIENES GANANCIALES.—No constituye defecto subsanable para la inscripción en el registro de una sentencia dictada en expediente de dominio, por no exigirlo la ley, el que no se exprese en ella el nombre de la esposa del promovente. Sin embargo, como inscrita una finca a favor de una persona casada sin que conste por alguno de los medios reconocidos en derecho que se trata de un bien privativo, se presume ganancial, sería conveniente a las partes interesadas, para mayor claridad y evitación de dificultades en las transacciones futuras, el que se consignara en la sentencia el nombre de la otra persona que tiene derecho al dominio de la finca.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. Benito Forés.

El registrador recurrido, Sr. A. Malaret, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez declaró justificado a favor de Pedro A. Vega, mayor de edad, casado y vecino de San Germán, el dominio de cierta finca radicada en el término municipal de Sabana Grande. Presentada copia certificada de dicha declaratoria en el registro, el registrador la inscribió, pero con el defecto subsanable que se consigna en la siguiente nota:

"Inscrito el documento que precede al folio 94 del tomo 15 del ayuntamiento de Sabana Grande, finca número 767, inscripción 1ª., con el defecto subsanable de no expresarse en el título el nombre de la esposa del promovente Don Pedro A. Vega y Vega."

No conforme dicho Pedro A. Vega con la calificación transcrita, interpuso contra ella el presente recurso gubernativo.

La cuestión suscitada por el registrador no es nueva. Fué resuelta en sentido contrario por este tribunal en el caso de *Ramos* v. *El Registrador de la Propiedad,* 16 D. P. R. 60. El resumen de la opinión de la corte en dicho caso, es como sigue:

"Es inscribible una sentencia dictada en expediente de dominio que contiene todas las circunstancias esenciales que la ley hipotecaria exige que deben exigirse en las inscripciones que se hagan en los registros de la propiedad.

"De acuerdo con la anterior doctrina, no debe denegarse la inscripción de una sentencia dictada en expediente de dominio, porque siendo casado el promovente, no resulta si adquirió la finca en constante matrimonio, o en estado de soltería, y en el primer caso, no se expresa el nombre de la esposa, conteniendo como contiene dicha sentencia todas las circunstancias esenciales para la inscripción."

No exigiendo, pues, la ley el requisito exigido por el registrador, es claro que cae por su base el defecto apuntado por dicho funcionario al inscribir el título de que se trata en este caso y que en tal virtud debe revocarse la nota recurrida en la parte en que lo ha sido.

No obstante la resolución a que hemos llegado, deseamos hacer constar que a nuestro juicio conviene a las partes interesadas adoptar el criterio del registrador para mayor claridad y en evitación de dificultades en las transacciones futuras. Inscrita una finca a favor de una persona casada sin que conste por alguno de los medios reconocidos en derecho que se trata de un bien privativo, se presume ganancial. ¡Cuánto mejor no es entonces consignar el nombre de la otra persona que tiene derecho al dominio de la finca, en vez de omitirlo! Ya el mismo legislador, para los documentos notariales dispuso en la sección 16 de la ley sobre la materia, Leyes de 1906, p. 143, lo que sigue: "También darán fe" (los notarios) "acerca de la edad, estado, profesión y vecindad de los otorgantes, con relación al dicho de los mismos, y caso de que fuere casada la persona que aparezca como

adquirente del derecho que es objeto del contrato, se expresará el nombre y apellido del cónyuge que no comparezca al otorgamiento '' Véanse también los casos de *Delgado* v. *El Registrador de San Germán* y *Ortiz Toro* v. *El Registrador de San Germán,* decididos el 14 de abril de 1916.

Se revoca la nota recurrida en cuanto al defecto subsanable en la misma consignado.

*Revocada la nota en la parte recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.